UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

JASON MALONE,

                                                   Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE
CLAUDANGEL BEAUDOUIN, DETECTIVE
CHRISTOPHER SCHILLING, tax # 926084, POLICE
OFFICERS JOHN DOES # 1-3,

                                                   Defendants.

------------------------------------------------------------- x



**COMPLAINT**

CV10-1502

Jury Trial Demanded

APR 05 2010

BROOKLYN OFFICE

AMON, J.

AZRACK, M.J.

## PRELIMINARY STATEMENT

1.     This is a civil rights action alleging that the City of New York and several New York City Police Officers of the Brooklyn North Narcotics Division ("BNND") violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution, and New York State law. Specifically, plaintiff alleges that, on February 18, 2010, defendants falsely arrested him, used unreasonable force on him, assaulted and battered him, illegally strip searched him, and made false allegations about him to prosecutors. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York State law claims of false arrest, assault, and battery.

4. With respect to plaintiff's state law claims, a notice of claim was duly filed with the City of New York within 30 days after the arrest of plaintiff, more than 30 days have elapsed since such filing, and the City has not offered to settle plaintiff's state law claims.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

6. Plaintiff is a resident of the State of New York who resides in Brooklyn.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Claudangel Beaudouin, Christopher Schilling, and Police Officers John Does # 1-3 are members of the New York City Police Department's BNND. Defendants were acting under color of state law and in their capacities as BNND officers at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

9. On February 18, 2010, at approximately 11:30 a.m., plaintiff was inside a convenience store located on the corner of Throop Avenue and Hancock Street in Brooklyn to purchase orange juice and cigarettes.

2

10. At all relevant times, plaintiff was obeying the law and was not acting in a suspicious manner.

11. While plaintiff was standing at the counter of the store, an unidentified police officer of the BNND, possibly Detective Christopher Schilling, entered the store and arrested plaintiff without probable cause.

12. The officer took plaintiff outside where several other officers were waiting.

13. The officer searched plaintiff without legal justification and handcuffed him excessively tight causing pain and bruising.

14. Plaintiff asked officers to loosen the cuffs but they did not do so.

15. Immediately thereafter, Detective Claudangel Beaudouin arrived at the scene and searched plaintiff without legal justification.

16. Nothing illegal was found on plaintiff.

17. A short time later, Detective Beaudouin placed plaintiff into a police vehicle and took him to the 79th Precinct.

18. During the trip, plaintiff asked Beaudouin to loosen the painfully tight cuffs but he refused to do so.

19. When plaintiff was inside the 79th Precinct, the officer who initially arrested plaintiff inside the store illegally strip searched him.

20. The officer ordered plaintiff to strip nude, squat, bend over, spread his buttocks, lift his genitals, and cough.

21. This strip search of plaintiff was illegal because plaintiff had not committed a crime and no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

22. Nothing illegal was found on plaintiff.

23. Other officers involved in the arrest knew that plaintiff was going to be illegally strip searched but they failed to intervene to protect plaintiff.

24. While plaintiff was incarcerated in the precinct, Detective Schilling, pursuant to a conspiracy with Detective Beaudouin and the other officers involved in plaintiff's arrest, prepared police reports which falsely stated that plaintiff had committed a narcotics offense.

25. A few hours later, Detective Beaudouin and the officer who initially arrested plaintiff took him to Brooklyn Central Booking where plaintiff was held under horrible conditions.

26. Plaintiff was held in three cells all of which were several overcrowded, filthy and unsanitary, and infested with roaches and rodents. The toilets were covered in feces and urine and other types of human discharge and there were no beds for plaintiff and the other detainees to sleep on.

27. While plaintiff was confined in Brooklyn Central Booking, Detective Schilling, pursuant to a conspiracy with Detective Beaudouin and the other officers involved in plaintiff's arrest, misrepresented to the Kings County District Attorney's Office that plaintiff had committed a narcotics offense.

28. On February 19, 2010, at approximately 11:00 p.m., plaintiff was released from Brooklyn Central Booking because the District Attorney's Office declined prosecution.

29. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for more than a day, was deprived of his liberty, and suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation. Further, plaintiff experienced pain and bruising from the excessively tight handcuffs.

## FIRST CLAIM

## (FALSE ARREST)

30. Plaintiff repeats the foregoing allegations.

31. Plaintiff did not commit a crime on February 18, 2010 and no officer observed plaintiff acting in a manner that day which gave rise to probable cause.

32. Accordingly, defendants are liable to plaintiff under the Fourth Amendment and New York State law for false arrest.

## SECOND CLAIM

## (UNREASONABLE FORCE)

33. Plaintiff repeats the foregoing allegations.

34. Defendants' act of handcuffing plaintiff excessively tight, causing pain and bruising, and then refusing to loosen the cuffs, was objectively unreasonable.

35. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for unreasonable force.

## THIRD CLAIM

## (ASSAULT)

36. Plaintiff repeats the foregoing allegations.

37. Defendants' acts of handcuffing plaintiff excessively tight, searching him incident to arrest, and strip searching him placed plaintiff in fear of imminent harmful and offensive physical contacts.

5

38. Accordingly, defendants are liable to plaintiff under New York State law for assault.

## FOURTH CLAIM

### (BATTERY)

39. Plaintiff repeats the foregoing allegations.

40. Defendants' acts of handcuffing plaintiff excessively tight and searching him incident to arrest constituted wrongful physical contacts.

41. Accordingly, defendants are liable to plaintiff under New York State law for battery.

## FIFTH CLAIM

### (ILLEGAL STRIP SEARCH)

42. Plaintiff repeats the foregoing allegations.

43. Defendants' strip search of plaintiff was illegal because plaintiff had not committed a crime and no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

44. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for the illegal strip search.

## SIXTH CLAIM

### (FABRICATION OF EVIDENCE)

45. Plaintiff repeats the foregoing allegations.

46. Defendants, pursuant to a conspiracy, falsely stated to the Kings County District Attorney's Office that plaintiff had committed a narcotics offense.

47. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for fabrication of evidence and denying plaintiff a fair trial.

## SEVENTH CLAIM

## (MONELL CLAIM)

48. Plaintiff repeats the foregoing allegations.

49. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

50. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

51. In fact, Officers Schilling and Beaudouin have been sued before in federal court for civil rights violations. *See Tyesha Gray v. City of New York, et al.*, 08 CV 2210 (EDNY) (alleging civil rights violations by Schilling on January 21, 2008); *Shawn Woodson City of New York, et al.*, 08 CV 4946 (EDNY) (alleging civil rights violations by Schilling on January 21, 2008); and *Lamar Blackwood v. City of New York, et al.*, 07 Civ. 686 (SDNY) (alleging civil rights violations by Beaudouin on November 10, 2006). The City of New York settled all three lawsuits.

52. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

53. In addition, the following are City policies, practices and customs:

(a) arresting innocent individuals, primarily minorities, on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals;

(b) fabricating evidence against individuals;

(c) using excessive force on individuals;

(d) unlawfully strip searching pre-arraignment detainees;

(e) retaliating against individuals who engage in free speech;

(f) unlawfully entering and searching homes and being unnecessarily destructive.

## EIGHTH CLAIM

## (RESPONDEAT SUPERIOR)

54. Plaintiff repeats the foregoing allegations.

55. Defendants were acting within the scope of their employment as New York City Police Officers when they falsely arrested and assaulted and battered plaintiff.

56. The City of New York is therefore vicariously liable under state law for false arrest, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: April 5, 2010

RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391