UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JASON MALONE,

                                                      Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE
CLAUDANGEL BEAUDOUIN, DETECTIVE
CHRISTOPHER SCHILLING, tax 926084, POLICE
OFFICERS JOHN DOES # 1-3,

                                                    Defendants.

------------------------------------------------------------------------ x

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE**

10 CV 1502 (CBA)(JMA)

      **WHEREAS**, plaintiff commenced this action by filing a complaint on or about April 5, 2010, alleging that defendants violated plaintiff's federal civil rights and various causes of action arising under state law; and

      **WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

      1.    The above-referenced action is hereby dismissed, with prejudice, and without costs, expenses, or fees in excess of the amounts specified in paragraphs "2" below.

      2.    The City of New York hereby agrees to pay plaintiff JASON MALONE the sum of FIFTEEN THOUSAND DOLLARS ($15,000) in full satisfaction of all claims made against the defendants, including claims for costs, expenses, and attorney fees. In consideration

for the payment of this sum, plaintiff agrees to the dismissal of all the claims against the named defendants, the City of New York, Claudangelo Beaudouin and Christopher Schilling with prejudice, and to release the City of New York, Claudangelo Beaudouin and Christopher Schilling, any present or former employees or agents of the City of New York, or any agency thereof, including, but not limited to, the New York City Police Department, from any and all liability, claims, or rights of action under state or federal law arising from and contained in the complaint in this action, including claims for costs, expenses and attorney fees.

3. Plaintiff shall execute and deliver to the defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit Concerning the Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by any of the defendant that it has in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the New York City Police Department.

6. Plaintiff agrees to hold defendants harmless regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
        Sept. 27, 2010

THE LAW FIRM OF RICHARD J.
   CARDINALE
*Attorneys for Plaintiff*
26 Court Street, Suite 1815
Brooklyn, New York 11242

By: _____
     Richard J. Cardinale, Esq.

MICHAEL A. CARDOZO
Corporation Counsel of the
   City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007

By: _____
     Bradford C. Patrick
     Assistant Corporation Counsel

SO ORDERED:

s/Carol B. Amon

_____
HON. CAROL B. AMON, U.S.D.J.

9/28/10